Opinion filed August 13, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 13,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                       Nos. 11-08-00100-CR & 11-08-00101-CR 

                                                    __________

 

                                     HIPOLITO ZARATE, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                        Midland
County, Texas

 

                                 Trial
Court Cause Nos. CR120,226 & CR120,227

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








The
jury convicted Hipolito Zarate of the offenses of resisting arrest and driving
while intoxicated.  The jury assessed punishment for the offense of resisting
arrest (our Cause No. 11-08-00100-CR) at confinement for one year in the county
jail and a fine of $1,000.  The jury assessed punishment for the DWI offense
(our Cause No. 11-08-00101-CR) at confinement for six months in the county jail
and a fine of $2,000.  In accordance with the jury=s verdicts, the trial court suspended the
imposition of the confinement portion of both sentences and the fine portion of
the DWI sentence and placed appellant on community supervision for two years. 
The judgments reflect that the sentences are to run concurrently.  We affirm. 

Appellant
presents three issues for review.  In the first issue, he challenges the legal
and factual sufficiency of the evidence identifying appellant as the person who
committed the DWI.  In the second issue, appellant asserts that the evidence is
legally and factually insufficient to support a conviction for Aevading arrest/detention.@[1] 
In his final issue, appellant argues that his due process rights were violated
when the trial court prohibited him from writing notes during the proceedings. 
         We will apply the following well-recognized standards of review to
appellant=s
sufficiency challenges.  To determine if the evidence is legally sufficient, we
must review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  To determine if the evidence is factually sufficient, we must review
all of the evidence in a neutral light and determine whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson v. State, 204 S.W.3d
404, 414-15 (Tex. Crim. App. 2006); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  

The
record shows that Kelly Hinsley was driving her Mini Cooper on the night of December
14, 2007, when she noticed a blue Chevrolet pickup driving erratically. 
Hinsley testified that the pickup almost hit her car twice, that it made two
wide left turns and then came back into the left-hand lane, that it was
weaving, that it crossed the center line at least three times, that it was
speeding, and that it almost hit a pedestrian.  Hinsley called 911 and reported
what she had observed.  During the 911 call, Hinsley reported that the license
plate number of the pickup was 3WHJ01.  A recording of the call was admitted
into evidence.  Hinsley testified that she followed the pickup until a police
officer pulled it over.








Officer
John Chandler was dispatched to investigate a Apossibly
intoxicated@ driver. 
Dispatch gave him the location and the license plate number that Hinsley had
reported.  Officer Chandler located a blue Chevrolet pickup matching Hinsley=s description and observed
that the license plate number matched.  Shortly after Officer Chandler first
noticed the pickup, it pulled over in front of a house, causing Officer
Chandler to initiate a traffic stop without observing appellant drive very far. 
Officer Chandler identified appellant as the driver and sole occupant of that
pickup. 

Officer
Chandler instructed appellant to stay in his vehicle, but appellant exited and
refused to comply with the officer=s
instructions to get back in the pickup.  Officer Chandler could smell a Apretty strong odor@ of an alcoholic beverage
coming from appellant=s
person, and he asked appellant to perform the horizontal gaze nystagmus test, a
standardized field sobriety test.  Appellant kept turning his head and
otherwise refused to allow the officer to perform the test.  Officer Chandler
noticed additionally that appellant=s
speech was slurred and that his eyes were glazed over.  Officer Chandler
determined that appellant was intoxicated and had been driving while
intoxicated, and he asked appellant to turn around to be handcuffed.

Once
appellant was turned around and a pat-down initiated, Officer Chandler noticed
that appellant tensed up Areal
tight.@  Sensing some
resistance, Officer Chandler called for backup.  Officer Chandler proceeded to
place one handcuff on appellant=s
left wrist and then appellant pulled away, resisting the officer=s attempt to place
appellant under arrest.  A scuffle ensued.  During the scuffle, appellant Atook a swing at [the
officer] knocking [his] glasses off.@ 
Officer Chandler testified that he informed appellant several times not to
resist but that appellant continued to resist.  Officer Chandler performed a
second leg sweep of appellant and then pinned him down, with assistance from a
bystander, until backup arrived.  Upon the arrival of backup, appellant was
arrested and taken to jail, where he refused to give a breath specimen for the
intoxilyzer and was otherwise uncooperative.  Appellant also indicated that he
had not been driving.








We
hold that the evidence is both legally and factually sufficient to support
appellant=s
convictions for driving while intoxicated and resisting arrest.  Appellant=s identity as the driver of
the blue pickup that Hinsley saw was confirmed by the matching license plate. 
The erratic driving described by Hinsley, the observations of appellant
described by Officer Chandler, and appellant=s
refusal to give a breath specimen together constitute sufficient evidence to
show that appellant was driving while intoxicated.  See Tex. Penal Code Ann. ' 49.04 (Vernon 2003). 
Furthermore, the evidence also showed that appellant resisted arrest when, by
use of force, he obstructed Officer Chandler from effecting an arrest.  See
Section 38.03.  Appellant=s
first and second issues are overruled.  

In
his final issue, appellant contends that the trial court infringed upon his due
process rights by ordering appellant not to write or take notes during the
proceedings.  The record, however, does not support appellant=s contention.  There is
nothing in the record indicating that the trial court prohibited appellant from
writing or taking notes during trial.  The trial court did, outside the jury=s presence, note that both
the trial court and the bailiff had seen appellant write down Hinsley=s address while she was
testifying.  The trial court informed defense counsel that it would not Aput up with any form of
intimidation to this witness@
and requested counsel to inform appellant about the felonious implications of
intimidating a witness.  The record affirmatively reveals that appellant wrote
down a witness=s
address and, thus, that he was not prohibited from writing or taking notes. 
Appellant=s third
issue is overruled.  

The
judgments of the trial court are affirmed.  

 

 

TERRY McCALL

JUSTICE

 

August 13, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J. 









[1]We note that appellant was charged with and convicted
of the offense of resisting arrest as found in Tex. Penal Code Ann. '
38.03 (Vernon 2003), not the offense of evading arrest or detention as found in
Tex. Penal Code Ann. ' 38.04 (Vernon 2003).  We will address the legal and
factual sufficiency of the evidence with respect to the offense of which
appellant was actually convicted.